A. B. COLE, Assignee, *vs.* LAWRENCE L. AUNE.

June 23, 1891.

**Action for Accounting of Profits—Burden of Proof.**—*Held,* upon the testimony in this action, which was tried by the court without a jury, that the court did not err in its findings, and in its conclusion of law, directing judgment for the defendant.

On January 28, 1885, one A. L. Cole and the defendant entered into a written contract, by the terms of which the defendant was to sell goods for Cole in the latter's store in Fergus Falls, and to receive as compensation one-half the net profits of the business, it being provided that until such net profits should be finally determined the defendant should receive from the proceeds of the business but $60 per month, and that he should be chargeable with all credits given by him to any persons not specified in a list made out and signed by

Cole and himself, should any loss occur from the giving of such cred-
its. This action was brought by A. L. Cole in the district court for
Otter Tail county to recover $350 received by defendant in excess of
$60 per month and in excess of his stipulated share, and the sum of
$450 on account of credits given by defendant, without Cole's con-
sent. Cole having been adjudged insolvent, his assignee, A. B. Cole,
was substituted as plaintiff, and the action was tried by *Baxter, J.,*
who ordered judgment for defendant. The plaintiff appeals from an
order refusing a new trial. The court found that the list of names
provided for in the agreement was never made, and that "so much of
the agreement as related thereto was entirely disregarded by said
Cole and said Auue; that no account was taken or settlement made
of the profits or losses of said partnership concern at any time; nor
has the amount said Aune is entitled to receive from or required to
pay to said Cole, under said agreement, ever been ascertained or de-
termined," and "that it is impossible to find from the evidence the
amount which the defendant is entitled to receive for his services and
share of the profits."

*M. R. Tyler* and *H. F. Woodard,* for appellant.

*Charles C. Houpt* and *P. O. Noben,* for respondent.

*By the Court.* 1. In this action, which was tried by the court
without a jury, it was incumbent upon the plaintiff to establish, by
a preponderance of proof, that the defendant received an amount of
money in excess of that stipulated in the contract set up in the com-
plaint, as compensation for his services. This seems to have been
conceded below as a proper construction of the pleadings and of the
contract. Although it was admitted that defendant had received and
retained more than he was authorized to draw out from month to
month, the plaintiff wholly failed to show that the amount was greater
than that which actually became due to him as compensation, and
which was to be determined by the amount of the profits of the busi-
ness. Plaintiff ought not to expect the trial court to surmise or con-
jecture as to what the profits were, or, in the absence of proof, to declare
that there were none; in other words, to determine defendant's com-
pensation, without evidence as to the profits of the business on which
it was made to depend.

2. It clearly appears that no list of the names of persons to whom credit might be given by plaintiff and defendant without incurring individual liability was ever made, as contemplated by the agreement. Without the making of such a list, that part of the contract was of no effect.

Order affirmed.